977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: ASSETS OF Tom J. BILLMAN United States of America,
Plaintiff-Appellant,
v.
Barbara A. McKinney, Defendant-Appellee.
 No. 92-1050.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 4, 1992
Decided: September 25, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-89-2310-B)
 ARGUED: Barbara Slaymaker Sale, Assistant United States Attorney, Baltimore, Maryland, for Appellant.
 Ross A. Nabatoff, Brand & Lowell, P.C., Washington, D.C., for Appellee.
 ON BRIEF: Richard D. Bennett, United States Attorney, Richard Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellant.
 Abbe David Lowell, Daria Roithmayr, Brand & Lowell, P.C., Washington, D.C., for Appellee.
 D.Md.
 Reversed.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The government appeals the district court's release of funds, now in the registry of the court, that Tom J. Billman, a fugitive indicted for racketeering, transferred to Barbara McKinney. The district court ordered the release based on its finding that the RICO count underlying the restraint was facially invalid. We reverse and reinstate the restraint of the funds.
 
 
 2
 In In re Billman, 915 F.2d 916 (4th Cir. 1990), we held that 18 U.S.C. § 1963 empowered the district court to enjoin, pending a criminal trial and forfeiture proceedings, the disposition of substitute assets that Billman, a fugitive RICO defendant, transferred to McKinney.
 
 
 3
 Subsequently, the district court held that the original indictment against Billman and another defendant, which served as probable cause to restrain the substitute assets, was defective. The government attempted to correct the flaws with a superseding indictment. The district court dismissed the superseding indictment as time-barred. It also dismissed the original indictment as to the other defendant, but not Billman.
 
 
 4
 McKinney then filed a motion for a release of funds on the theory that the original indictment was also invalid as to Billman. She argued that because the original indictment had served as probable cause to restrain the assets, the government lacked any justification for restraining the funds. The district court agreed and ordered the release of the funds to McKinney. The government appealed, and we stayed execution of the district court's order pending appellate review.
 
 
 5
 Inasmuch as the district court did not dismiss Billman, the RICO count remains applicable to him. Moreover, the superseding indictment is not time-barred with respect to Billman because the statute of limitations does not extend to fugitives. 18 U.S.C.s 3290. We therefore reinstate the restraint of the funds because Billman remains indicted for racketeering.
 
 
 6
 McKinney is not restrained from using money that belongs to her. Rather, she is not entitled to Billman's substitute assets that were seized and sequestered pending Billman's criminal trial and forfeiture proceedings. McKinney's acquittal does not affect the restraint of Billman's substitute assets.
 
 REVERSED